# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IKECHUKWU HYGINIUS OKORIE,<br><br>*Plaintiff*<br><br>vs.<br><br>PRIORITYONE BANK, and DEREK HENDERSON<br><br>*Defendant* | Case No. 2:24-cv-47-KS-MTP<br><br>Honorable: _____ |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
Mar 18 2024
ARTHUR JOHNSTON, CLERK

## COMPLAINT

1. COMES NOW Plaintiff, IKECHUKWU HYGINIUS OKORIE, with this complaint against the Defendant PRIORITYONE BANK and DEREK HENDERSON, collectively referred to as the Defendants, and alleges, as follows:

## PARTIES

2. Complainant, IKECHUKWU HYGINIUS OKORIE, is an individual residing in Frisco, TX. Dr. Okorie holds medical licenses in the State of Mississippi and has provided medical services at various healthcare facilities.

3. Defendant PRIORITYONE BANK is a banking institution having its operations in Mississippi, and operating under the laws of the state of Mississippi and may be served at 6276 US-98, Hattiesburg, MS 39402.

4. Defendant DEREK HENDERSON is the attorney for PriorityOne Bank and may be served at 1765-A Lelia Drive, Suite 103 Jackson, MS 39216.

## JURISDICITON AND VENUE

5. This court has federal question jurisdiction pursuant to 28 U.S.C § 1331 since it involves the violations of federal law. The Court also has subject-matter jurisdiction over this action because it is brought under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605, 2617, and the regulations promulgated thereunder at Regulation X, 12 C.F.R. part 1024; and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(2)(a), 1692e(10), and 1692f. The court also has diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this district, and the Defendant has significant contacts within this district.

## FACTS

7. The dispute forming the substance of this action is based on Dr. Okorie's bankruptcy case at the United States Bankruptcy Court, for the Southern District of Mississippi (*In Re Ikechukwu Hyginus Okorie*, Case No. 19-50379-KMS) (herein "bankruptcy matter"). Dr. Okorie initiated said case by on 02/27/2019.

8. An automatic stay was thereafter imposed by the Bankruptcy Court. Defendant also filed Claim No. 11-1 alleging a debt of $814,770.44. Dr. Okorie filed an objection to said claim. The Court re-labelled the "Debtor's Objection to Claim" as a "Motion for Stay Violation," to which Defendant failed to respond adequately, opting instead to file a nunc pro tunc motion.

9. After Dr. Okorie made the objection, Defendant amended the claim and filed Claim No. 11-2, alleging a debt of $169,067.28.

10. PriorityOne then filed a motion for relief from stay regarding Dr. Okorie's property located at 908 West Pine Street.

11. Dr. Okorie never received notice of said motion. Notably, Defendant failed to send the court documents to Dr. Okorie's address, leading to a lack of proper notice and representation at critical hearings.

12. Consequently, the court granted Defendant's motion. Defendant then proceeded to initiate foreclosure of said property. Dr. Okorie contends that Defendant fraudulently and/or unjustly obtained said order, and proceeded to initiate the foreclosure process.

13. Dr. Okorie's ownership rights have been threatened by the Defendant's fraudulent conduct. Dr. Okorie therefore files this action to seek justice for the Defendant's abuse of the bankruptcy and foreclosure processes.

## CLAIMS FOR RELIEF

### COUNT 1

**VIOLATIONS OF THE REAL SETTLEMENT PROCEDURES ACT**

**(12 U.S.C. §§ 2605, 2617, and 12 C.F.R. part 1024)**

14. Dr. Okorie hereby incorporates by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

15. RESPA and its implementing regulation, Regulation X, apply to "federally related mortgage loans," including the servicing of those loans, error resolution procedures, general servicing policies and procedures, and loss mitigation procedures.

16. Section 6(e)(2) and (k)(1)(c) of RESPA, 12 U.S.C. §§ 2605(e)(2) and (k)(1)(c), requires Defendant to conduct an investigation of a qualified written request and make appropriate corrections to a consumer's account.

17. Regulation X further explains that a qualified written request that asserts an error relating to the servicing of a mortgage loan is a notice of error ("NOE") and that a servicer generally must either: (1) correct the error or errors identified by the borrower and provide the borrower with a written notification regarding the correction; or (2) conduct a reasonable investigation of an alleged error and provide the borrower with a written notification that indicates that the servicer has determined no error occurred and provides additional required information. 12 C.F.R. § 1024.35(a) and (e)(1). 291.

18. In numerous instances, Dr. Okorie has disputed Defendant's ownership of the alleged debt. Plaintiff has made written communication to Defendant, disputing the existence of the alleged debt.

19. PriorityOne Bank and its attorney(s) have failed to make appropriate corrections relating to Dr. Okorie's NOEs when Dr. Okorie pointed out errors in the Defendant's alleged accounts, and has failed to conduct reasonable investigations of NOEs.

20. Besides, PriorityOne Bank and its attorney(s) went ahead to collect an alleged debt in violation of an automatic stay issued in the bankruptcy matter. Dr. Okorie notes that there is a contention on whether the automatic stay was lifted or not. The Bankruptcy Court's Order granting Defendant's motion to vacate/lift the automatic stay expressly states that no objection or response was made to the request for Relief from Stay. Clearly, the Court heard and determined the application without considering Dr. Okorie's arguments in opposition thereof. The Court only considered the movant's arguments and proceeded to lift the stay. This is a departure from the due process obligations of the Court, which forms part of Dr. Okorie's contention with the said Order.

21. Additionally, pursuant to Regulation X, which was promulgated under Section 19(a) of RESPA, 12 U.S.C. § 2617(a), PriorityOne Bank and its attorney(s) must maintain

policies and procedures reasonably designed to ensure that it achieves the objectives set forth in 12 C.F.R. § 1024.38(b). 12 C.F.R. § 1024.38(a). These objectives include:

    i. Providing "accurate and timely disclosures to a borrower as required by [Subpart C of Regulation X] or other applicable law," 12 C.F.R. § 1024.38(b)(1)(i);

    ii. Investigating, responding to, and, as appropriate, making "corrections in response to complaints asserted by a borrower," 12 C.F.R. § 1024.38(b)(1)(ii); and

    iii. Providing its personnel with access to "accurate and current documents and information reflecting actions performed by service providers," 12 C.F.R. § 1024.38(b)(3)(i).

22. In numerous instances, PriorityOne Bank and its attorney(s) has:

    i. Failed to maintain policies and procedures reasonably designed to ensure that it sends accurate and timely periodic statements, to ascertain the veracity of alleged debts;

    ii. Failed to maintain policies and procedures reasonably designed to ensure that it is investigating, responding to, and, as appropriate, making corrections in response to concerns asserted by Dr. Okorie; and

    iii. Failed to maintain policies and procedures reasonably designed to provide its personnel with access to accurate and current documents and information reflecting actions performed by its foreclosure attorneys, including the Defendant listed herein.

23. Additionally, Regulation X prohibits servicers from, among other things, commencing a first notice of filing of a foreclosure ("First Filing"), obtaining a foreclosure judgment, or conducting a foreclosure sale if: (1) the servicer discovers that additional information or corrections to a previously submitted document are required to complete a Facially Complete Application and the borrower has not had a reasonable opportunity to complete the application; (2) the servicer has timely received a Complete Application but has not yet evaluated the application; (3) the time for the borrower to respond to a loss mitigation offer or to appeal a loan modification denial has not expired; or (4) the borrower is performing upon a loss mitigation agreement (e.g., a trial loan modification or short-term payment forbearance program).

24. Here, PriorityOne Bank and its attorney(s) made First Filings without properly evaluating Dr. Okorie's alleged default.

25. The acts and practices as described in this action constitute violations of Sections 6(e)(2), 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) and (k)(1)(c) of RESPA, 12 U.S.C. §§ 2605(e)(2), (j)(3), (k)(1)(C), and (k)(1)(E), and 12 U.S.C. § 2617(a), and Regulation X, 12 C.F.R. §§ 1024.35(a), 1024.35(e)(1), 1024.41(b)(2)(i)(B), 1024.41(c)(1)(i) and (ii), 1024.41(f)(2), and 1024.41(g).

26. As a result of the Defendants' actions and/or inactions, Dr. Okorie has suffered damages, including litigation expenses incurred his pursuit of legal redress.

## COUNT 2
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (15 U.S.C. §§ 1692e(2)(a) *et seq.*)

27. Dr. Okorie hereby incorporates by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

28. Section 808 of the FDCPA, 15 U.S.C. § 1692f, prohibits debt collectors from engaging in unfair or unconscionable means to collect or attempt to collect any debt.

29. Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Section 807(2) prohibits the false representation of the character, amount, or legal status of the debt. Section 807(10) prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. The term "consumer" as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), means "any natural person obligated or allegedly obligated to pay any debt." (Emphasis added).

31. The term "debt" as defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."(Emphasis added).

32. The term "debt collector" as defined by Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6) means, in relevant part, any person who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

33. First, PriorityOne Bank is a debt collector as defined by the FDCPA because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and its collection activities are covered by the FDCPA.

34. PriorityOne Bank and its attorney(s) have used inaccurate and incomplete information, including incorrect data and incomplete or missing documentation, to assert claims against Dr. Okorie.

35. Further, PriorityOne Bank and its attorney(s) have represented to Dr. Okorie and to the courts that Dr. Okorie's alleged loan has unpaid balances.

36. In truth and fact, the Defendants' material representations were false or misleading, were not substantiated, including but not limited to representations made where Defendants had knowledge or reason to believe that:

   i. The data and records upon which it was relying were inaccurate or missing but it had failed to obtain or review information substantiating the accuracy of the data prior to attempting to collect the alleged loan or foreclose on Dr. Okorie's property;

   ii. Its system of record contained inaccurate information due to system errors and limitations, manual entry errors, and incorrect information substantiating the accuracy of the data prior to attempting to collect the alleged loan or foreclose on Dr. Okorie's property;

   iii. Dr. Okorie had disputed, challenged, or questioned the validity or accuracy of Defendant's information but it had failed to obtain or review information substantiating the accuracy of the information, or failed to consider Dr. Okorie's disputes, prior to attempting to collect the alleged loan or foreclose on Dr. Okorie's property.

37. Defendants' use of inaccurate or incomplete information to assert non-existent loans has caused substantial injury to Dr. Okorie such as the unlawful foreclosure.

38. The Defendants' acts and omissions as described in this action constitute unfair acts and practices in violation of 15 U.S.C. §§ 1692f and 1692e(2)(A).

39. As a result of the Defendants' actions and/or inactions, Dr. Okorie has suffered damages, including litigation expenses incurred his pursuit of legal redress.

## COUNT 3

### FRAUD ON THE COURT

40. Dr. Okorie hereby incorporates by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

41. First, PriorityOne Bank and its attorney(s) committed an intentional fraud through misrepresentation of material facts. Notably, PriorityOne Bank and its attorney(s) misrepresented that Dr. Okorie has a pending and/or unsettled debt.

42. PriorityOne Bank and its attorney(s) knew or had the capacity to know that said averments and/or representations were false. Besides, PriorityOne Bank and its attorney(s) failed to prove the existence of the alleged debt.

43. PriorityOne Bank and its attorney(s) intended to defraud Dr. Okorie of his property, by making said misrepresentation(s).

44. These misrepresentations were directed at the Court itself, and the Court was deceived by these misrepresentations. Notably, the Court relied on said misrepresentations to issue adverse orders against Dr. Okorie, yet Dr. Okorie had presented glaring evidence on Defendants' fraudulent conduct.

45. As a result of the Defendants' actions and/or inactions, Dr. Okorie has suffered damages, including litigation expenses incurred his pursuit of legal redress.

## COUNT 4

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Dr. Okorie hereby incorporates by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

47. The conduct of PriorityOne Bank and its attorney(s), as set forth above, were extreme, and outrageous.

48. PriorityOne Bank and its attorney(s) ought to have reasonably known that their actions and/or inactions would cause severe harm on Dr. Okorie.

49. PriorityOne Bank and its attorney(s) failed to consider the adverse effects of their actions and/or inactions on Dr. Okorie. Notably, they failed to acknowledge the fact that such conduct would make Dr. Okorie to suffer damages, including loss of income and damage to his professional reputation.

50. As a result of the Defendants' actions and/or inactions, Dr. Okorie has suffered damages, including litigation expenses incurred his pursuit of legal redress.

## PRAYER FOR RELIEF

WHEREFORE, the Dr. Okorie is entitled to damages from the Defendants, and he hereby prays that judgment be entered in his favor and against the Defendants as follows:

i. Compensatory damages not less than $3 million for the harm and losses suffered by Dr. Okorie as a result of Defendants' actions, including economic losses, and emotional distress.

ii. Punitive damages not less than $10 million, as appropriate, to deter Defendants from engaging in similar misconduct.

iii. Attorneys' fees and costs incurred in prosecuting this action.

iv. Such further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Dr. Okorie respectfully requests a trial by jury on all issues so triable.

Respectfully submitted:

Dated: _12th Day of March, 2024_____

*(signature)*
Ikechukwu Okorie (PRO SE)
4500 Hillcrest Rd., Ste 185,
Frisco, TEXAS 75035

## CERTIFICATE OF MAILING

I, IKECHUKWU OKORIE, certified on this ___12th___ day of ___March_____ 2024, I deposited a true copy of the above to the Defendants by placing the documents with prepaid postage in the United States mailbox address.

1. PriorityOne Bank
   6276 US-98,
   Hattiesburg, MS 39402

2. Derek A. Henderson, MSB #2260
   1765-A Lelia Drive, Suite 103
   Jackson, MS 39216
   (601) 948-3167
   derek@derekhendersonlaw.com

   **Attorney for PriorityOne Bank**

_____
Ikechukwu Okorie (PRO SE)
4500 Hillcrest Rd., Ste 185,
Frisco, TEXAS 75035